**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

THE CORNUCOPIA INSTITUTE
901 Platt Street
Eau Claire, WI 54703

Plaintiff,

v.

AGRICULTURAL MARKETING SERVICE
1400 Independence Ave., S.W.
Washington, DC 20250

Defendant.

Civil Action No. 16-cv-2252

**COMPLAINT**

**I. INTRODUCTION**

1. Plaintiff The Cornucopia Institute ("Plaintiff") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et. seq., by Defendant Agricultural Marketing Service ("AMS") in failing to provide Plaintiff with all nonexempt records pursuant to its June 10, 2016 request seeking records for "all applications submitted for the

vacancies open on the National Organic Standards Board (NOSB), as announced on April 4, 2016 by the U.S. Department of Agriculture (USDA)."

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, The Cornucopia Institute, is a 501(c)(3) organization that, at all times relevant herein, has its primary administrative office in the city of Eau Claire, Eau Claire County, Wisconsin.

5. Defendant Agricultural Marketing Service is a federal agency of the United States, and as such, is subject to FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, inter alia, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which

conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA, 5 U.S.C. § 552(a)(4)(A)(viii), states "An agency shall not assess search fees (or in the case of a requester described under clause (ii)(II), duplication fees) under this subparagraph if the agency fails to comply with any time limit under paragraph (6), if no unusual or exceptional circumstances (as those terms are defined for purposes of paragraphs (6)(B) and (C), respectively) apply to the processing of the request.

10. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). See 5 U.S.C. § 552(a)(6)(C).

11. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

12. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

## VI. FACTUAL ALLEGATIONS FOR PLAINTIFF'S 2014 FOIA REQUEST CLAIM

13. On or about June 10, 2016 Plaintiff sent a FOIA request to the Agricultural Marketing Service (AMS), seeking, "all applications submitted for he vacancies open on the National Organic Standards Board (NOSB), as announced on April 4, 2016 by the U.S. Department of Agriculture (USDA)."

14. On or about June 13, 2016 Gregory Bridges of Defendant stated they received Plaintiff's June 10, 2016 request and assigned it tracking number 2016-AMS-04289-F.

15. On or about July 10, 2016 Jason Cole, on behalf of Plaintiff, requested an update on 2013-AMS-01201-F.

16. On or about July 11, 2016 Defendant wrote Plaintiff and stated that this letter was their final response to Plaintiff's request, that 671 pages or records were found and none were released to Plaintiff.

17. On or about August 3, 2016 Plaintiff administratively appealed the July 11, 2016 decision of Defendant not to provide any records.

18. On or about September 2, 2016, Elanor Starmer, Administrator of Defendant wrote Plaintiff and stated that no records were would be released, Plaintiff's administrative appeal was denied and concluded by stating, "You have a right to seek judicial review of this determination in an appropriate United States District Court in accordance with 5 U.S.C. Section 552(a)(4)(B)."

19. As of the date of the filing of this action, Plaintiff has not received any nonexempt records from Defendant AMS to Plaintiff's June 10, 2016 FOIA request, nor has Defendant conducted an adequate search.

## VII.CLAIM FOR RELIEF

**Violation of FOIA**

20. Plaintiff realleges, as if fully set forth herein, paragraphs 1 –20 previously set forth herein.

21. Defendant AMS has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for its June 10, 2016 FOIA request, and by failing to complete an adequate search which was reasonably calculated to locate all responsive records to this FOIA request.

22. Defendant failed to provide Plaintiff with all non-exempt responsive records to its June10, 2016 FOIA request as described above, and failed to perform an adequate search for responsive records, Defendant AMS denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

23. Unless enjoined by this Court, Defendant AMS will continue to violate Plaintiff's legal rights to be provided with copies of the records which it has requested in its FOIA request described above.

24. Plaintiff is directly and adversely affected and aggrieved by Defendant AMS's failure to provide responsive records to its FOIA request described above.

25. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

26. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

1. Declare AMS has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his Request submitted on or about June 10, 2016 and by failing to perform adequate searches for responsive records to its FOIA request.

2. Direct by injunction that AMS perform and adequate search for responsive records for Plaintiffs June 10, 2016 FOIA request, and to provide Plaintiff with all non-exempt responsive records to Plaintiff's June 10, 2016 FOIA request.

3. Grant Plaintiff's costs of litigation, including reasonable attorney fees, as

provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

4. Provide such other relief as the Court deems just and proper.

Dated this 14th day of November, 2016.

Respectfully submitted,

Daniel J. Stotter, # WI0015
Stotter & Associates LLC
408 SW Monroe Ste. M210E
Corvallis, OR 97333
(541) 738-2601
dstotter@qwestoffice.net
Attorney for Plaintiff

/s/ C. Peter Sorenson
C. Peter Sorenson (DC Bar # 438089)
Sorenson Law Office
PO Box 10836
Eugene, Oregon 97440
petesorenson@gmail.com
541-606-9173
Lead Attorney for Plaintiff