IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CORNUCOPIA INSTITUTE,<br><br>Plaintiff,<br><br>v.<br><br>AGRICULTURAL MARKETING SERVICE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No: 16-cv-02252-ABJ |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S**

**MOTION FOR ATTORNEYS' FEES AND COSTS**

**INTRODUCTION**

    This case arose out of Plaintiff Cornucopia Institute (hereafter "Cornucopia") and its June 10, 2016 Freedom of Information Act request ("Cornucopia FOIA Request") for records held by Defendant Agricultural Marketing Service ("AMS"). The records requested were for the applications submitted to AMS for possible appointment to the National Organic Standards Board ("NOSB"). Declaration of Will Fantle ("Fantle Decl.") ¶ 13 Exhibit 7 [filed herewith].

    When the AMS failed to produce records responsive to the request, the agency upheld that decision administratively, and in response, Cornucopia filed suit [Dkt 1]. AMS subsequently made releases of records to Plaintiff. Fantle Decl. ¶ 19, 20, Exhibits 10, 11 [filed herewith].

    As a result of obtaining these records, Cornucopia is eligible for and entitled to recover fees and costs in this matter. See 5 U.S.C. § 552(a)(4)(E).

1

Plaintiff is filing this motion after the parties were unable to agree on an attorney fee settlement. The parties were unable to agree despite months of communications, mediation with a United States Magistrate Judge, negotiations, and filing of numerous status reports. Declaration of C. Peter Sorenson (hereafter "Sorenson Decl.") ¶ 10 [filed herewith].

Cornucopia's attorneys and paralegals have spent a total of 59.1 hours on this matter. Based on contemporaneously recorded billing records and applicable billing rates in this jurisdiction, Cornucopia respectfully requests an award of $31,130.73 in fees and costs for the work of attorneys and paralegals to represent it in this matter.

## FACTUAL BACKGROUND

On April 4, 2016 AMS announced vacancies on the National Organic Standards Board and invited interested persons to apply. Fantle Decl. Exhibit 7 [filed herewith].

Defendant received the Cornucopia FOIA Request on June 13, 2016. Fantle Decl. ¶ 12 [filed herewith]. On that same day, June 13, 2016, Defendant Agricultural Marketing Agency ("AMS") assigned the Cornucopia FOIA Request USDA FOIA Request No. 2016-AMS-04289- Fantle Decl. ¶ 12 [filed herewith]. On July 10, 2016, having not received any information about our request, Jason Cole of Cornucopia staff sent an email, asking for an update on the request. Fantle Decl. ¶ 14 [filed herewith].  On July 11, 2016 Cornucopia received an email which enclosed a letter also dated July 11, 2016, from Mr. Bridges of the AMS FOIA office. Mr. Bridges stated that 671 pages of records were found. He concluded: "All of these records are being withheld in their entirety pursuant to FOIA Exemptions (b)(5) and (b)(6)." Fantle Decl. ¶ 15, Exhibit 8 [filed herewith].

2

On August 3, 2016 Cornucopia filed an administrative appeal, appealing the failure of the agency to release records, claiming that the withholdings are overly broad. Fantle Decl. ¶ 16 [filed herewith].

On September 2, 2016 Cornucopia received an email from Ms. Elanor Starmer, Administrator of the AMS. She stated that the appeal was denied, that no records will be released and Cornucopia had the right to seek review in a U.S. District Court. Fantle Decl. ¶ 17, Exhibit 9 [filed herewith].

After this, Plaintiff contacted counsel and asked counsel to represent Cornucopia in filing suit in District Court. Fantle Decl. ¶ 18 [filed herewith]. On November 14, 2016 Plaintiff, through their attorney, filed a Complaint in this Court. [Dkt 1].

After denying Plaintiff records after its request, as well as denying Plaintiff's administrative appeal, Plaintiff sought review in this court of the administrative process to date. Plaintiff sought a court order requiring defendant to release responsive records. Following the filing and service of the complaint and summons, Defendant provided some released records. Plaintiff conducted legal research on its entitlement to records and continued pressing for more records. Fantle Decl. ¶ 20 [filed herewith].

On December 16, 2016 Defendant wrote counsel for Plaintiff a letter and announced the release of 671 pages of responsive records. The letter stated that 407 pages were released with redactions pursuant to 5 U.S.C. § 551(b)(6) and the remaining pages were release in full." Fantle Decl. Exhibit 10 [filed herewith].

On February 6, 2017 counsel for Plaintiff wrote counsel for Defendant, "What is the update on this? I now sent two emails, sent at your request, and then faxed you those two emails. You have provided no response to these emails. Our client has since informed me that at least

two of the applicants to the National Organic Standards Board (NOSB) do not have the appropriate form (Form AD-755) attached to their application. Can you check with the AMS to see if they have provided all of the records? The two applicants are Dwight Detter and Bogan Caceu." Sorenson Decl. ¶ 10 [filed herewith].

Defendant released more responsive records on March 6, 2017. Fantle Decl. Exhibit 11 [filed herewith].

As the parties continued discussing more releases of records, they again agreed on extension and ultimately they agreed to stay the case. It called for an unopposed extension until March 14, 2017. A minute order was entered on March 7, 2017 requiring the answer on March 14, 2017. Sorenson Decl. ¶ 11 [filed herewith].

During March 2017, Plaintiff conducted significant legal research to understand the extent of the government's responsibility to disclose. This memorandum was instrumental in settling the case. See Declaration of R. Stephen Doughty. [filed herewith].

On March 29, 2017, counsel for Plaintiff wrote counsel for Defendant and informed them that "AD-755 is missing for applicants John Patrick, Eugene Steele, and Becky Weed and that the name of an endorser for NOSB applicant Joelle Mosso was redacted on p. 493 of the received records. Sorenson Decl. ¶ 12 [filed herewith].

On March 29, 2017, counsel for Defendant, Ms. Maureen O'Brien, wrote counsel for Plaintiff and informed Plaintiff, "I emailed you the AD-755s for Patrick, Steele and Weed (as well as Powell-Palm) on 3/9/17. I see that the typed name of the individual who signed the letter was inadvertently redacted along with that person's written signature on p. 493." She provided the corrected copy of the page in question. Sorenson Decl. ¶ 13 [filed herewith].

On April 12, 2017, the parties agreed and Defendant filed a Joint Motion to Stay. [Dkt 8]. On April 14, 2017, the Court entered a minute order granting the parties' joint motion to stay and required a Joint Status Report by May 12, 2017. Sorenson Decl. ¶ 14 [filed herewith].

On June 15, 2017, the case was referred to a United States Magistrate Judge by minute order. Sorenson Decl. ¶ 15 [filed herewith].

On June 27, 2017, the parties, with assistance of United States Magistrate Judge Deborah A. Robinson engaged in mediation. Judge Robinson entered a Minute Order June 27, 2017, stating that the Court and parties had concluded Mediation. The parties were unable to agree. Sorenson Decl. ¶ 15 [filed herewith].

## ARGUMENT

Cornucopia is eligible for and entitled to recover fees it incurred to obtain documents and favorable court opinions in this matter. The FOIA provides that "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). This attorney fee inquiry is divided into two prongs: "eligibility" and "entitlement." *Brayton v. Office of the U.S. Trade Representative*, 641 F.3d 521, 524 (D.C. Cir. 2011). It is important to keep in mind the words of Judge Bates in his decision in *STS Energy Partners v. FERC*, 214 F.Supp. 66 (D.D.C. 2016) "While the Court appreciates that the parties were ultimately able to resolve their dispute, FOIA's fee provision is intended to incentivize the government to "promptly turn over—before litigation is required—any documents that it ought not withhold." at 72, quoting *Davy*, 550 F.3d at 1165. (emphasis added)."

In the above case and in this case the agency has been unwilling to agree to a reasonable settlement of fees. As a result of the failure to reach a settlement, Plaintiff has incurred additional

5

fees ("fees-on-fees") in the preparation of this motion. Because Plaintiff is eligible for and entitled to fees, and the fees sought are reasonable, the Court should grant this motion.

## I. Cornucopia Is Eligible and Entitled to Recover Fees and Costs in This Matter

### A. Plaintiff Is Eligible to Recover Fees and Costs Under the FOIA

A FOIA plaintiff who has "substantially prevailed" is eligible to recover fees and costs. *Brayton v. Office of the U.S. Trade Representative*, 641 F.3d 521, 525 (D.C. Cir. 2011). The FOIA provides that a plaintiff "substantially prevails" by obtaining "relief through either (I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii).

In this case, Plaintiff has substantially prevailed under the "voluntary or unilateral change in position" standard. Defendant denied Plaintiff's request and its administrative appeal. Defendant, following the filing of the complaint to this Court, changed its twice announced position and released responsive records. In addition, after the first release of the initial records, more records and portions of records were released.

Cornucopia's lawsuit caused a "voluntary or unilateral change in position by the agency" sufficient to establish that Cornucopia substantially prevailed. See *Judicial Watch, Inc. v. DOJ*, 878 F. Supp. 2d 225, 233 (D.D.C. 2012). The initial response to Cornucopia's FOIA request was the decision by AMS to refuse to provide records. Fantle Decl. Exhibit 8 [filed herewith]. Cornucopia administratively appealed, and AMS again, for the second time refused to provide records. Fantle Decl. Exhibit 9 [filed herewith]. After litigation, Defendant provided records, yet these records were not complete. Plaintiff instructed its attorneys to press for more. Fantle Decl.

6

¶ 19 and 20 [filed herewith]. As a result of this pressure, during litigation, AMS released more records. Fantle Decl. ¶ 19 and 20 [filed herewith].

Because Cornucopia's lawsuit was the catalyst that drove the agency to release the [records], Cornucopia "substantially prevailed." See e.g., *Brayton*, 641 F.3d at 525 ("[P]laintiffs can now qualify as 'substantially prevailing,' thus become eligible for attorney fees, without winning court-ordered relief on the merits of their FOIA claims."). Under the second standard set forth by 5 U.S.C. § 552(a)(4)(E)(ii), Plaintiff has attained a unilateral change in position by Defendant on a claim that was not insubstantial and thus has "substantially prevailed."

## B. Cornucopia Is Entitled to Recover Fees and Costs Under the D.C. Circuit's Four-Factor Test

If a FOIA plaintiff is eligible for fees and costs, the court must next determine whether the plaintiff is entitled to those fees and costs. *Brayton*, 641 F.3d at 525. Courts in this circuit employ a four-factor balancing test to determine a plaintiff's fee entitlement. *McKinley v. FHFA*, 739 F.3d 707, 711 (D.C. Cir. 2014). The four factors are: 1) "the benefit to the public, if any, deriving from the case"; 2) "the commercial benefit to the plaintiff"; 3) "the nature of the plaintiff's interest in the records"; and 4) "the reasonableness of the agency's withholding." Id. (citing *Tax Analysts v. DOJ*, 965 F.2d 1092, 1093 (D.C. Cir. 1992)). All four factors favor Cornucopia in this case, and the Court should accordingly award reasonable attorneys' fees and costs.

The first factor of the entitlement test favors Cornucopia because, as a result of this case, the AMS disclosed 671 pages of documents detailing the names and relevant information about the applicants to the National Organic Standards Board. Fantle Decl. ¶ 19 [filed herewith].

Cornucopia sought these documents in the public interest as a quintessential requestor of government information envisioned by the FOIA. Furthermore, Cornucopia has a demonstrated ability and plans to distribute information on the applicants to the public via its website. Fantle Decl. ¶ 24 [filed herewith].

The public benefit factor concerns "the significance of the contribution that the released information makes to the fund of public knowledge." *McKinley*, at 711. "The relevant inquiry is whether [the plaintiff's] success is likely to add to the fund of public information that citizens may use in making vital political choices." *EPIC v. NSA*, 87 F. Supp. 3d at 233–34 (emphasis in original; internal quotation marks omitted). As the D.C. Circuit made clear in *Davy v. CIA*, 550 F. 3d 1155 (D.C. Cir. 2008), the public benefit factor favors the plaintiff where the FOIA suit results in the release of documents "providing important new information" concerning an issue "of national importance." 550 F.3d at 1159–60. The policies and procedures of the National Organic Standards Board are issues of continuing political and social importance. Fantle Decl. ¶ 24 [filed herewith]. For example, Cornucopia has distributed information about the board and its members to the media. Fantle Decl. ¶ 24 [filed herewith].

The records obtained by Cornucopia in this case revealed important details about the possible conflicts of interest and the geographic bias of the National Organic Standards Board. For example, the records obtained a prior FOIA request were utilized by the Washington Post in an article published on May 1, 2017 regarding organic milk. Plaintiff expects to utilize the same process in the future. Fantle Decl. Exhibit 12 [filed herewith].

There is a strong public interest in organic foods. The information that Cornucopia sought and was eventually provided through this lawsuit will be utilized to inform the public and media

of government practices pertaining to organic food. Therefore, the first entitlement factor weighs in favor of Plaintiff.

The second and third entitlement factors also favor Cornucopia. The "nature of the [requester's] interest" factor is "closely related [to] and often considered together with the commercial benefit criterion." *Tax Analysts v. DOJ*, 965 F.2d 1092, 1095 (D.C. Cir. 1992). "The second factor considers the commercial benefit to the plaintiff, while the third factor considers the plaintiff's interest in the records." *EPIC v. DHS*, 999 F. Supp. 2d 61, 69 (D.D.C. 2013). Favored interests are "scholarly, journalistic or public-interest oriented." See *Long v. IRS*, 932 F. 2d 1309, 1316 (9th Cir. 1991) (holding that a lower court's ruling that the plaintiff's scholarly interest weighed against her recovery of fees was "wrong as a matter of law and an abuse of discretion"). Cornucopia is a 501(c)(3) non-profit public interest organization. Fantle Decl. ¶ 5 [filed herewith]. Cornucopia derived no commercial benefit from the FOIA request or lawsuit. The sole benefit was to the public, which benefited from the disclosure of the documents released in this case. Thus, Cornucopia's interest in this matter is squarely within the "scholarly, journalistic or public interest oriented" interests favored by the statute.

Lastly, the fourth entitlement factor favors Cornucopia because the AMS did not have a "reasonable legal basis" to withhold the completed applications of the candidates for the National Organic Standards Board. If the government's justification for withholding was "correct as a matter of law," then this factor is dispositive.  In *Davy*, 550 F.3d at 1162. the court said:

> The fourth factor considers whether the agency's opposition to disclosure "had a reasonable basis in law," *Tax Analysts*, 965 F.2d at 1096, and whether the agency "had not been recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior," *LaSalle Extension*, 627 F.2d at 486; see *Fenster*, 617 F.2d at 744. "If the Government's position is correct as a matter of law, that will be dispositive. If the Government's position is founded on a colorable basis in law, that will be weighed along with other relevant considerations in the entitlement calculus." *Chesapeake I*, 11 F.3d at

9

216; see *Cotton*, 63 F.3d at 1117; *Nationwide*, 559 F.2d at 712 n. 34. The district court found that "there is no basis to conclude that the [a]gency unreasonably withheld these requested documents." But this analysis mistakenly shifts the burden to the requester. The question is not whether Davy has affirmatively shown that the agency was unreasonable, but rather whether the agency has shown that it had any colorable or reasonable basis for not disclosing the material until after Davy filed suit. Id at 1162-1163.

This is the second time that these exact circumstances have arisen with this particular defendant regarding the application forms for the National Organic Standard Board. Fantle Decl ¶ 22 [filed herewith].

Because all four entitlement factors favor Plaintiff and because Plaintiff substantially prevailed in this matter, the Court should grant Cornucopia's motion and award reasonable attorneys' fees and costs in this matter.

## II. The Attorneys' Fees And Costs Cornucopia Seeks Are Reasonable

Plaintiff seeks an award of $31,130.73 in attorneys' fees and costs in this matter, which is reasonable based on the hours worked and applicable billing rates. To determine whether fees are reasonable, the court must consider (1) whether the attorneys charged a reasonable hourly rate and (2) whether the time attorneys logged on the case was reasonable—i.e., did the attorneys waste or otherwise unnecessarily spend time on the matter. *Judicial Watch, Inc. v. DOJ*, 774 F. Supp. 2d 225, 232 (D.D.C. 2011) (Judicial Watch II) (quoting *Bd. of Trs. of Hotel & Rest. Emps. Local 25 v. JPR, Inc.*, 136 F.3d 794, 801 (D.C. Cir. 1998)).

Attorneys' fees are calculated based on the lodestar, which is the number of hours the lawyers reasonably spent on the case multiplied by the lawyers' hourly rates. A lawyer's hourly rate is measured by its fair market value, "regardless of whether plaintiff is represented by private or non-profit counsel." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The fee requester bears the burden of establishing the reasonableness of the hourly rates. *Salazar v. District of*

*Columbia*, 809 F.3d 58, 64 (D.C. Cir. 2015) (citing *Covington v. District of Columbia*, 57 F.3d 1101, 1103 (D.C. Cir. 1995)).

Plaintiff seeks reasonable hourly rates established in the United States Attorney's Office matrix. See USAO Matrix 2015 - 2017. For the complete matrix, see Sorenson Decl. Exhibit 3 [filed herewith]. These rates are reasonable in this case. See Declaration of Alexander J.E. English.  In *Thomas v. District of Columbia.*, 908 F. Supp. 2d 233 (D.D.C. 2012) this court awarded fees based on USAO rates.

The D.C. Circuit has held that "the second prong of the equation for calculating a fee award—the reasonableness of hourly rates awarded under fee-shifting statutes— consists of 'at least three elements: the attorneys' billing practices; the attorneys' skill, experience, and reputation; and the prevailing market rates in the relevant community.'" *Am. Lands Alliance v. Norton*, 525 F. Supp. 2d 135, 148 (D.D.C. 2007) (citing *Covington v. District Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995)). To recover, the movant must provide "contemporaneous, complete, and standardized time records which accurately reflect the work done by each attorney." *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982).

Plaintiff has provided complete, detailed billing records, which were contemporaneously recorded and accurately reflect the work done by each attorney. Sorenson Decl. Exhibit 2, ¶ 8 [filed herewith]. The records reflect the date, time, and nature of each activity, and include details about the specific task performed. Each entry is clearly labeled with the name of the attorney performing the work, the attorney's rate, the hours of work performed on the activity, and the total amount charged for the activity. Plaintiff has therefore provided satisfactory billing records in this matter. Cornucopia's request is further supported by declarations from each attorney who

worked on this case. Declaration of C. Peter Sorenson (Sorenson Decl.) [filed herewith]. Declaration of R. Stephen Doughty (Doughty Decl.) [filed herewith].

Cornucopia's request for $422.08 in costs is for the reimbursement of the filing fee in the District Court is supported by the case docket in which the clerk of the Court assigned receipt number 0090-4742507 and $22.08 in postage costs to serve Defendant. Sorenson Decl. Exhibit 4 and 5 and ¶ 16 [filed herewith]. Based on the 59.1 hours worked by Cornucopia's attorneys and paralegals on this matter and the applicable USAO Matrix 2015 - 2017 rates, the total amount for all work on this matter is $31,130.73. See Sorenson Decl ¶ 16 [filed herewith].

Plaintiff is also entitled to recover fees for its work to obtain fees in this matter. "It is settled in this circuit that hours reasonably devoted to a request for fees are compensable." Judicial Watch II, 878 F. Supp. 2d at 240 (citations omitted); see also *EPIC v. DHS*, 811 F. Supp. 2d 216, 237 (D.D.C. 2011) ("It is a common practice in this jurisdiction to award fees on fees in FOIA cases."). The Court should accordingly grant Cornucopia's motion which includes fees-on-fees.

## CONCLUSION

Cornucopia has substantially prevailed in this case and is eligible for and entitled to recover fees under the FOIA. The award Cornucopia seeks is reasonable and supported by the attached declarations, billing records, and receipts. Plaintiff therefore requests that the Court award it $31,130.73 in fees and costs.

13

Respectfully submitted, this 18th day of August, 2017.


_____/s/_____
C. Peter Sorenson, D.C. Bar #438089
SORENSON LAW OFFICE
P.O. Box 10836
Eugene, Oregon 97440
(541) 606-9173
petesorenson@gmail.com
Lead Attorney for Plaintiff

Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net
Attorney for Plaintiff